BETTS, District Judge.
The bark General Green and cargo were captured on the 4th of June, 1SG1, on the high seas off Cape Henry, by the United States steamship Quaker City, under command of Captain Carr, and are li-belled by the United States and captors on the charge that the bark was at the time owned by insurgents, traitors, public enemies, and persons engaged in actual hostilities against the government of the United States, and is liable to condemnation. Benjamin Atwell, on behalf of W. Oppenheim, interposed a claim to the bark, and' alleged that at the time in the libel and claim mentioned she belonged solely to the said Oppenheim, then and still a citizen of the United States of America, residing at Charleston, South Carolina, and if restored will belong to him; that she was sailed under his direction as her master, and was engaged at the time of seizure to take a cargo on freight from Sagua la Grande, in Cuba, to be delivered at Baltimore, Philadelphia, or New York, as the consignee should direct, and was directed to proceed to Baltimore, in the prosecution of which voyage she was captured, as charged in the libel. The claimant denies that the bark was liable to seizure and excepts generally to the sufficiency of the libel, and avers particularly the matters in substance before set up in the cases of the Hiawatha, Pioneer, Crenshaw, &c. Claims of Grinnel, Minturnv& Co. were interposed to the cargo, but the United States attorney relinquished the charges against the cargo, because it was shipped by loyal'citizens before notice of the war.
The only question upon the issue is whether the vessel, being owned at the time of seizure —June 4, 18G1 — by the claimant Oppenheim, and having been his on the 24th of April, 1861, the time of her sailing from Cuba on her home voyage, was just prize of war to a government vessel. In consonance with the rules adopted by the court in the suits before referred to, it is held that the vessel, her tackle and furniture, are enemy’s property, the citizens of South Carolina being at the time in a state of civil war against the United States; and it is accordingly adjudged, that the bark General Green, her tackle, apparel, and furniture, be condemned to the libellants as prize of war, with costs to be taxed and assessed, and that the cargo laden on board the bark be restored to the claimants, but without costs or damages to the claimants, there being probable cause for the capture, it having been laden on an enemy’s bottom, and exported after the existence of a state of war by South Carolina against the United States.
The decree in this case was affirmed by the circuit court on appeal [Case No. 5,313.]